# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 20, 2004 Session

## CARLA LYNN DOWNING v. JOSEPH WADE DOWNING

**A Direct Appeal from the Chancery Court for Madison County**
**No. 52528     The Honorable Joe C. Morris, Chancellor**

---

### No. W2003-00561-COA-R3-CV - Filed May 27, 2004

---

This is an appeal from the trial court's order, which increases Appellant/Father's child support obligation to an amount consistent with the Tennessee Child Support Guidelines. Appellant contends that the trial court erred in failing to consider his extensive visitation with the child in declining to deviate downward from the guidelines. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

David W. Camp of Jackson for Appellant, Joseph Wade Downing

Clayton F. Mayo of Jackson for Appellee, Carla Lynn Downing

### OPINION

Joseph Wade Downing ("Mr. Downing," "Defendant," or "Appellant") and Carla Lynn Downing ("Ms. Downing," "Plaintiff," or "Appellee") were married on March 17, 1990. The parties have one child, G.W.D. (d.o.b. 6/29/93). On November 6, 1996, Ms. Downing filed a Complaint for divorce against Mr. Downing. Temporary custody of G.W.D. was awarded to Ms. Downing and both parties filed financial affidavits. On December 11, 1996, a Consent Order was entered, which reads, in relevant part, as follows:

> 1. Husband, JOSEPH WADE DOWNING, shall pay to the Wife, CARLA LYNN DOWNING, the sum of $800.00 per month child support with the first payment to begin as of Wednesday, December 14, 1996. Under Husband's income, child support would be $1,309.00 per month under the DHS Guidelines. The Court is approving a deviation from the guidelines because Husband is spending more than the guidelines mandated time with the parties' minor child and is paying daycare.

     *                              *                          *

> 3. The Order granting temporary custody to the Plaintiff heretofore issued in this cause is modified to grant the parties joint custody with the Wife being designated as the primary custodial parent.

On June 27, 1997, the Final Decree of Divorce was entered. The Final Decree incorporated, by reference, the parties' Marital Dissolution Agreement ("MDA"). The MDA, entered on June 17, 1997, gives the parties "joint and/or shared" custody of G.W.D, with Ms. Downing being the primary custodial parent. The MDA outlines a visitation schedule under which Mr. Downing visitation exceeded the eighty (80) days per year assumed by the Tennessee Child Support Guidelines ("TCSG"). The child support section of the MDA reads, in pertinent part, as follows:

> The parties agree that the Husband shall pay child support in the amount of $450.00 per month for the support and maintenance of the parties' minor child, directly to the Wife, continuing until the child attains the age of eighteen (18) years. Husband further agrees to pay all tuition/day care expenses for the parties' minor child at Jackson Christian School Preschool Facility as part of the child support, said amount not to exceed $350.00. In the event day care of preschool expenses exceed $350.00 per month, the Wife agrees to pay the additional amount. In the event Husband is not paying day care or preschool expenses, Husband agrees to pay the same amount that he would pay for private school or daycare expenses to Wife in addition to the child support of $450.00

On March 21, 2001, Ms. Downing filed a "Motion for Civil Contempt and to Increase Child Support." This Motion alleged that Mr. Downing was in arrears in the payment of child support in the amount fo $2,040.00 and prayed, *inter alia*, that Mr. Downing be ordered to pay all arrearages and that child support be set according to the TCSG. On July 17, 2001, a Consent Order was entered, which reads, in relevant part, as follows:

> 1. That the Defendant. Joseph Wade Downing [hereinafter referred to as "Father"], shall pay as child support the sum of Five Hundred Dollars ($500.00) per month while the parties' minor child is in grades three (3) through five (5). Father shall pay as child support the sum of Five Hundred Fifty Dollars ($550.00) per month while the minor child is in grades six (6) through nine (9). Father shall pay as child support the sum of Six Hundred Dollars ($600.00) per month while the minor child is in grades ten (10) through twelve (12)....

2. That Father shall pay all costs, including tuition, books and fees associated with the child attending Jackson Christian School through graduation from the twelfth (12th) grade.

3. That Father shall pay to Mother the sum of $1,500.00, which represents the child support arrearage as of May 1, 2001. Father shall pay the $1,500.00 to Mother within six (6) months of entry of this Order.

On September 20, 2001, Ms. Downing filed a "Petition to Modify," seeking to set Mr. Downing's child support in accordance with the TCSG.[1] Mr. Downing filed his "Answer to Petition to Modify and Counter-Petition to Modify Final Decree of Divorce as to Child Support and Tuition" (the "Answer") on January 8, 2002. The Counter-Petition section of the Answer reads, in pertinent part, as follows:

5. That since the entry of the Consent Order on July 17, 2001, there has been a substantial material change in circumstances as well as a substantial variance in earnings, making it impossible for the natural father to continue to pay support at the agreed upon amount. The minor children spend an equal amount of time with both parents and therefore a reduction and/or elimination of child support is warranted. That both parties should be responsible for payment of uncovered health insurance and all incidental expenses incurred on behalf of the minor children.

6. That the natural father hereby requests this Court reduce the amount of support and require that the parties split tuition rather than ordering the Father to pay the full tuition amount due to Jackson Christian School.

A "Motion for Contempt" was filed by Ms. Downing on February 21, 2002, alleging that Mr. Downing had paid only $200.00 in child support since October, 2001. Mr. Downing filed his "Answer to Motion for Contempt" on March 15, 2002. A hearing was held on March 15, 2002. On May 22, 2002, an Order was entered, which raised Mr. Downing's child support payments to $1,034.00 per month, under the TCSG, and made Ms. Downing responsible for the private school tuition.[2] Mr. Downing filed a Motion to Alter or Amend on June 18, 2002.

---

[1] An "Amendment to Petition to Modify" was filed on October 1, 2001. The amendment did not change the prayer that child support be set consistent with the TCSG.

[2] In their briefs, both parties assert that Mr. Downing was ordered to pay the private school tuition. However, the May 22, 2002 Order reads, in relevant part:

(continued...)

-3-

On July 1, 2002, Ms. Downing filed a "Motion for Clarification of Order," asking for the status of Mr. Downing's arrearage since such was not addressed by the May 22, 2002 Order. Ms. Downing also filed another "Motion for Contempt" on July 8, 2002. On October 10, 2002, the trial court entered an Order, finding that Mr. Downing's arrearage totaled $6,843.00, ordering him to pay a $2,500.00 cash bond toward the judgment, and ordering that the remaining $4,343.00 of the judgment be paid in twelve (12) monthly installments of $361.62 in addition to the monthly child support obligation of $1,034.00.

On November 25, 2002, Mr. Downing filed an Amended Motion to Alter or Amend. Following a hearing on November 26, 2002, the trial court denied Mr. Downing's Motion by Order of January 31, 2003. On January 21, 2003, Mr. Downing filed a "Motion to Stop Payments of Child Support Arrearage and for Full Accounting and for Temporary Restraining Order," which alleged that the child support arrearage of $6,843.00 in the October 10, 2002 Order was incorrect. Ms. Downing filed her Response to this Motion on January 30, 2003. Mr. Downing's Motion was heard on March 5, 2003 and an Order was entered on July 8, 2003, which set the arrearage at $3,206.75, and ordered Mr. Downing to pay the arrearage in twelve (12) monthly installments of $267.23, in addition to the monthly child support obligation of $1,034.00

Mr. Downing appeals and raises one issue for review as stated in his brief: Did the trial court err in failing to grant a downward deviation from the Tennessee Child Support Guidelines when the record reflects the Appellant was exercising extensive visitation.

Mr. Downing contends that the trial court erred in failing to deviate downward from the TCSG based upon Mr. Downing's exercising more expansive visitation with the child than the eighty (80) days per year contemplated by the guidelines.

T.C.A. § 36-5-101(e)(1)(A) (Supp. 2001) states that:

> In making its determination concerning the amount of support of any minor child or children of the parties, the court ***shall*** apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or

---

[2](...continued)

1. That the Defendant [Mr. Downing] shall pay to the Plaintiff [Ms. Downing] the su[m] of $1,034.00 per month, for the support, education and maintenance of the parties' minor child.

2. That the Plaintiff [Ms. Downing] shall be responsible for the Jackson Christian School tuition.

inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties....

*Id*. (emphasis added).

Although there is a presumption of correctness in calculations of child support consistent with the TCSG, T.C.A. § 36-5-101(e)(1)(A), Tenn. Comp. R. & Regs. R. 1240-2-4-.02(6) (2003) states that "[i]n situations where overnight time is divided more equally between the parents, the courts will have to make a case-by-case determination as to the appropriate amount of support." Tenn. Comp. R. & Regs. R. 1240-2-4-.04(1)(b) (2003) states that "[t]he court *may* consider a downward deviation from the guidelines if the obligor demonstrates that he/she is consistently providing more care and supervision for the child than contemplated in the rule."

Although the trial court may deviate from the guidelines, the decision to do so is discretionary. As such, the standard of review in child support matters differs from the standard Tenn. R. App. Rule 13(d) "presumption of correctness." This Court has discussed this heightened standard of review as follows:

> Setting child support is a discretionary matter. *See State ex rel. Coleman v. Clay*, 805 S.W.2d at 755. Accordingly, we review child support decisions using the deferential "abuse of discretion" standard of review. This standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives. *See BIF v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *2 (Tenn. Ct. App. July 13, 1988) (No TennR.App.P. 11 application filed). While we will set aside a discretionary decision if it rests on an inadequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.

*State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).

In the instant case, there is quite a discrepancy between the monthly incomes of the parties. Mr. Downing's gross monthly income in 2002 was approximately $6,946.75, while Ms. Downing's gross monthly income in 2001 was $2,044.45. Although Mr. Downing may exercise more visitation with G.W.D. than is contemplated under the guidelines, there is no mandate that a downward deviation must be granted in this situation. Based upon the entire record in this case, and particularly in light of the respective incomes of these parties, we find that the trial court did not abuse its discretion in declining to deviate from the TCSG.

For the foregoing reasons, we affirm the Order of the trial court.  Costs of this appeal are assessed against the Appellant, Joseph Wade Downing, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.